| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(For Court Use Only) |
|---|---|
| **PLAINTIFF:** Water's Edge Limited Partnership | **DEFENDANT:** City of Revere |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Harold B. Murphy<br>Murphy & King, Professional Corporation<br>28 State Street, Suite 3101<br>Boston, MA 02109<br>(617) 423-0400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

**Determination of Dischargeability of Debt pursuant to §523(a)(4) and §523(a)(6)**

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[**1**] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
[**2**] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought **Determination of Tax Liability pursuant to 11 U.S.C. § 505** | |

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Water's Edge Limited Partnership ||| BANKRUPTCY CASE NO.<br>24-12445-CJP |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE<br>Eastern || NAME OF JUDGE<br>Christopher J. Panos |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Harold B. Murphy<br>Harold B. Murphy ||||
| DATE<br>January 31, 2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Harold B. Murphy (BBO #362610) |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>WATER'S EDGE LIMITED PARTNERSHIP,<br><br>   Debtor. | Chapter 11<br><br>Case No. 24-12445-CJP |
| WATER'S EDGE LIMITED PARTNERSHIP,<br><br>   Plaintiff<br><br>v.<br><br>CITY OF REVERE,<br><br>   Defendant, | Adv. Proc. No. 25-_____-CJP |

## COMPLAINT

Water's Edge Limited Partnership, a Massachusetts limited partnership and the debtor and debtor-in-possession in a related Chapter 11 case ("Water's Edge" or the "Debtor"), disputes the claim of the City of Revere (the "City") for fiscal year 2025 real estate taxes and requests that the Court determine, pursuant to 11 U.S.C. §505, the values and assessments of the Debtor's real estate parcels and the resulting real estate tax liabilities for fiscal year 2025.

### I.   JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to the provisions of 28 U.S.C. §§157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (B), and (K).

3. Venue is appropriate in this Court pursuant to 28 U.S.C. §1409.

1

4. The statutory predicate for the relief sought by the Debtor is 11 U.S.C. §505.

## II. PARTIES

5. Water's Edge is a Massachusetts limited partnership with its principal place of business at 394 Ocean Avenue, Revere, Massachusetts 02151.

6. The City is an incorporated city in the Commonwealth of Massachusetts with an address of 281 Broadway, Revere, Massachusetts 02151.

## III. FACTS

7. Water's Edge owns and operates the Water's Edge Apartments which is comprised of three apartment buildings on three separate parcels located at 364 Ocean Avenue, 370 Ocean Avenue, and 388 Ocean Avenue in Revere, Massachusetts (collectively, the "Properties"). Each of the three buildings located on the Properties includes multiple apartment units, three (3) commercial suites, and an underground parking garage. Other improvements at the Properties include a fitness center, laundry facilities, pool, roof deck, storage units, elevators, and gated access.

8. 388 Ocean Avenue ("388 Ocean") consists of approximately 1.8 acres improved by a 16-story apartment building with 116 apartment units constructed in 1988. 388 Ocean, the only property which is currently tenanted, has an occupancy rate of approximately 73%. In assessing real estate taxes on 388 Ocean between fiscal year 2021 and fiscal year 2024, the City overvalued and overassessed 388 Ocean as follows:

| Fiscal Year | City's Assessment |
|---|---|
| 2021 | $15,593,800 |
| 2022 | $21,304,500 |
| 2023 | $26,028,000 |
| 2024 | $29,580,000 |

2

9.   370 Ocean Avenue ("370 Ocean") consists of approximately 1.4 acres improved by a 16-story apartment building with 95 apartment units constructed in 1986. On June 21, 2022, a fire broke out on a roof deck on the 11th floor of 370 Ocean causing significant damage. On July 6, 2022, the Board of Health for the City voted to issue a condemnation order for 370 Ocean and 370 Ocean has been 100% vacant since mid-2022. 370 Ocean requires substantial repair and rehabilitation before it can be re-tenanted. Notwithstanding the damage to 370 Ocean and the fact that it is unoccupied, in assessing real estate taxes on 370 Ocean between fiscal year 2021 and fiscal year 2024, the City overvalued and overassessed 370 Ocean as follows:

| Fiscal Year | City's Assessment |
|---|---|
| 2021 | $15,593,800 |
| 2022 | $21,304,500 |
| 2023 | $16,646,300 |
| 2024 | $19,986,900 |

10.   364 Ocean Avenue ("364 Ocean") consists of approximately 1.4 acres improved by a 13-story apartment building with 92 apartment units constructed in 1986. On August 29, 2024, following a flood in the laundry room of 364 Ocean, the Board of Health for the City voted to issue a condemnation order for 364 Ocean. Water's Edge appealed the condemnation order and on November 12, 2024, the Housing Court Department of Suffolk Superior Court entered an order declaring the condemnation order to be void and enjoined the City from taking further action to enforce such order. Although the condemnation order was ultimately reversed, Water's Edge was required to relocate the building's tenants and 364 Ocean is currently 100% vacant. 364 Ocean requires substantial repair and rehabilitation before it can be re-tenanted. In assessing

3

real estate taxes on 364 Ocean between fiscal year 2021 and fiscal year 2024, the City overvalued 364 Ocean as follows:

| Fiscal Year | City's Assessment |
|---|---|
| 2021 | $15,593,800 |
| 2022 | $21,304,500 |
| 2023 | $18,968,000 |
| 2024 | $21,455,000 |

11.    Water's Edge timely filed abatement applications for the Properties with the City for fiscal years 2021-2024.  The City never acted on said abatement applications and each was deemed denied pursuant to Massachusetts law.  Water's Edge timely filed formal appeals of the deemed denials of its abatement applications for the Properties with the Appellate Tax Board for the Commonwealth for fiscal years 2021-2023 and those appeals are currently pending.

12.    For fiscal year 2025, the City imposed the following real estate taxes on the Properties based on the assessments set forth below:

| Property | City's Assessment | Taxes Assessed |
|---|---|---|
| 364 Ocean | $18,544,300 | $198,902 |
| 370 Ocean | $19,478,500 | $172,971 |
| 388 Ocean | $30,318,900 | $269,474 |
| Total | $68,341,700 | $641,347 |

13.    The City's assessments of the Properties for fiscal year 2025 are excessive and substantially exceed the fair cash values of the Properties.

14.    The Debtor has not made payments to the City of real estate taxes for the Properties for the first or second quarters of fiscal year 2025, which were due on August 1, 2024 and November 1, 2024, respectively.  Pursuant to the Court's order approving interim use of cash

4

collateral and debtor-in-possession borrowing [Ch. 11 ECF No. 122], the Debtor obtained authority to make payments toward the real estate taxes assessed for the third quarter of fiscal year 2025.

## COUNT 1
(Determination of Tax Liability – 11 U.S.C. §505)

15. The Debtor repeats and realleges the allegations contained in paragraphs 1 through 14 above and incorporates them herein by reference.

16. The City has failed to properly value and assess the Properties for fiscal year 2025.

17. The City's valuations and assessments of the Properties for fiscal year 2025 are inaccurate and substantially exceed the fair cash values of the Properties.

18. The Debtor disputes the City's valuations and assessments of the Properties for fiscal year 2025 and the real estate taxes that have been assessed based upon those valuations and assessments.

19. The Debtor's fiscal year 2025 real estate assessments and resulting property taxes have not been contested before and adjudicated by a judicial or administrative tribunal before the commencement of the Debtor's bankruptcy case.

20. The applicable period for contesting or redetermining the amount of the Properties' fiscal year 2025 assessments and resulting real estate taxes to the Debtor under applicable nonbankruptcy law has not expired.

21. The Debtor's fiscal year 2025 real estate tax liability is material to the Debtor's reorganization efforts and financial performance.

22. By reason of the foregoing, the Debtor is entitled to a judgment determining the amount of the City's claim for fiscal year 2025 real estate taxes.

**WHEREFORE,** Water's Edge Limited Partnership respectfully prays that the Court:

A. Enter judgment determining the values and assessments of the Properties and the resulting amount of the of the City's claim for fiscal year 2025 real estate taxes; and

B. Grant such other and further relief as the Court deems just and proper in connection with the foregoing.

Respectfully submitted,

WATER'S EDGE LIMITED PARTNERSHIP,
By its proposed counsel,

*/s/ Harold B. Murphy*
Harold B. Murphy (BBO # 362610)
Christopher M. Condon (BBO #652430)
Murphy & King, Professional Corporation
28 State Street, Suite 3101
Boston, Massachusetts 02109
Telephone:  (617) 423-0400
hmurphy@murphyking.com

Dated:  January 31, 2025